IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>JOSE A. CANALES, )<br>)<br>            Debtor. )<br>_____) | <br><br><br><br><br>Case No. |
| )<br>CYNTHIA GASIC, )<br>            Plaintiff, )<br>)<br>v. )<br>)<br>JOSE A. CANALES, )<br>            Defendant. ) | |

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO U.S.C. Section 523 (a)(6)

**NOW COMES** CYNTHIA GASIC, by and through her attorneys, DEUTSCHMAN & SKAFISH, P.C., and for her claim of relief against JOSE A. CANALES, states:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(i) and (j).

3. Venue is proper in this District.

### Parties

4. JOSE A. CANALES is the debtor in this bankruptcy case, having filed a Chapter 13 bankruptcy case on November 14, 2018, docketed as case no. 18-32033.

5. Plaintiff, CYNTHIA GASIC is and was at all material times a resident of the State of Illinois and County of Will.

6. Defendant JOSE A. CANALES is and was at all material times a resident of the State of Illinois, County of Will, and City of Joliet.

7. The allegations in this Adversary Complaint, to the extent relevant to this discharge proceeding under Section 523 of the United States Bankruptcy Code, incorporate the allegations of the Complaint at Law of *CYNTHIA GASIC v JOSE A. CANALES, et al.*, Case No. 17 L 441, filed in the Circuit Court of Will County, Illinois. The Complaint at Law in the underlying action giving rise to this Adversary Complaint is attached hereto as **Exhibit A** and made a part hereof.

## Notice

8. Despite the fact that JOSE A. CANALES was served with the lawsuit in 17 L 441 in 2017, and filed his Appearance and Answer on November 3, 2017, he failed to list CYNTHIA GASIC as a creditor in his bankruptcy case or to give any notice of the bankruptcy to her or her attorneys whatsoever. CYNTHIA GASIC's counsel learned of the bankruptcy for the first time on December 17, 2019, in a phone call with JOSE A. CANALES. This Adversary Complaint was filed shortly thereafter.

## Allegations

9. JOSE A. CANALES formerly worked as an employee of Marquette Management, Inc. as a maintenance engineer at a certain property located on Arbor Lane in Crest Hill, Illinois.

10. At the relevant time, CYNTHIA GASIC was a resident of the property in question located on Arbor Lane in Crest Hill, Illinois.

11. On March 8, 2017, after entering CYNTHIA GASIC's unit for the purpose of doing maintenance work, JOSE A. CANALES touched her breasts under her shirt and put his

2

fingers into her pants and into her vagina. CYNTHIA GASIC tried to push herself away from JOSE A. CANALES, but he overpowered her.

12. JOSE A. CANALES's conduct was unwanted and inappropriate sexual contact that amounted to battery.

13. At all times relevant hereto, there was in full force and effect the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq.* Section 10 of the Act, 740 ILCS 82/10, provided:

> Cause of action. Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

14. JOSE A. CANALES's conduct as aforesaid stated constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois and thus constituted gender related violence as defined by Section 5 of the Gender Violence Act, 740 ILCS 82/5.

15. As a direct and proximate result of JOSE A. CANALES's conduct, CYNTHIA GASIC sustained personal injuries including depression and post-traumatic stress disorder.

16. The allegations above are contained in the Complaint at Law filed in *CYNTHIA GASIC v JOSE A. CANALES, et al.*, Case No. 17 L 441 (*see* **Exhibit A**).

17. The allegations above and contained in the Complaint at Law above constitute causes of actions for battery and gender violence.

18. The injuries caused by JOSE A. CANALES's above-described conduct constitute injuries which are willful and malicious as defined by 11 U.S.C. § 523(a)(6).

WHEREFORE the Plaintiff respectfully prays this Court enter an order against JOSE A. CANALES, and in favor of CYNTHIA GASIC, as follows:

(a) prohibiting the dischargeability of any debt owed by debtor JOSE A. CANALES to CYNTHIA GASIC, in an amount yet to be determined, plus costs and statutory interest, pursuant to Sections 523(a)(6) of the United States Bankruptcy Code; and

(b) granting such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,
**DEUTSCHMAN & SKAFISH, P.C.**


___/s/ Bradley A. Skafish_____
Bradley A. Skafish, an Attorney for Plaintiff

Jeffrey S. Deutschman
Bradley A. Skafish
**DEUTSCHMAN & SKAFISH, P.C.**
77 W. Washington Street - Suite 1525
Chicago, IL 60602
(312) 419-1600
ARDC# 6278462

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| CYNTHIA GASIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17 L 000441 |
| | ) |
| MARQUETTE MANAGEMENT, INC. | ) |
| and JOSE A. CANALES, JR., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the plaintiff, **CYNTHIA GASIC,** by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.,** and complaining of the defendants, **MARQUETTE MANAGEMENT, INC.** and **JOSE A. CANALES, JR.,** states as follows:

### COUNT I
### Battery

1. At all times relevant hereto, defendant, MARQUETTE MANAGEMENT, INC., is an Illinois corporation doing business as a real estate management company in the City of Crest Hill, County of Will in the State of Illinois.

2. At all times relevant hereto, defendant, JOSE A. CANALES, JR., was an employee of the defendant, MARQUETTE MANAGEMENT, INC. and worked in the City of Crest Hill, County of Will as an maintenance engineer at the property in question located on Arbor Lane in Crest Hill, Illinois. At all times herein mentioned the defendant was acting in the scope of his employment for the benefit and profit of his employer.

Initial case management set for
9/12/17 at: 9 am

3. That at all times relevant hereto, the plaintiff, CYNTHIA GASIC, was a resident of the property in question located on Arbor Lane in Crest Hill, Illinois and is currently a resident of the County of Will in the State of Illinois.

4. That at all times prior to the acts set forth herein, the defendant, MARQUETTE MANAGEMENT, INC., which took over management responsibilities in January 2016, by its owners, managers and administrative staff, knew or should have known that the defendant, A. CANALES, JR., was the subject of many complaints for sexual harassment, unwanted touching of the residents and obnoxious behavior during work hours in full view of the defendant's customers, property tenants and security cameras.

5. That at all times during the plaintiff's tenancy, the defendant, MARQUETTE MANAGEMENT, INC., by its owners, managers and administrative staff, allowed the defendant, JOSE A. CANALES, JR., to continue to be employed and act in an inappropriate fashion despite the knowledge that this behavior was on going and a disturbance to the tenants of the building.

6. That on March 8, 2017, the defendant, JOSE A. CANALES, JR., came into the apartment of the plaintiff and touched her breasts under her shirt and put his fingers into her pants and into her vagina. The plaintiff tried to push herself away from him but he overpowered her.

7. On the above date and time, the defendant, JOSE A. CANALES, JR., engaged in unwanted and inappropriate sexual contact with plaintiff that amounted assault and battery.

8. Defendant, JOSE A. CANALES, JR.'s conduct as aforesaid constituted repeated acts of battery upon the person of the plaintiff, CYNTHIA GASIC.

9. All actions and behavior of the defendant, JOSE A. CANALES, JR., were done with the knowledge and tacit consent of defendant, MARQUETTE MANAGEMENT, INC.

10. As a direct and proximate result of the aforesaid actions of battery and the defendant's conduct as aforesaid, the plaintiff sustained personal injuries including depression and post traumatic stress disorder. The plaintiff has been kept from attending to her ordinary affairs and duties and has been and will become liable in the future for sums of money for medical care and therapy.

WHEREFORE, the plaintiff, CYNTHIA GASIC, requests judgment against the defendants, MARQUETTE MANAGEMENT, INC. and JOSE A. CANALES, JR., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus her costs of suit.

### COUNT II
### Gender Violence Act
### 740 ILCS 82/10

**NOW COMES** the plaintiff, CYNTHIA GASIC, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complaining of the defendant, JOSE A. CANALES, JR., states as follows:

1.-10. As paragraphs 1 through 10 inclusive of Count I, plaintiff reasserts and realleges the allegations of paragraphs 1 through 10 as if repled herein it its entirety.

11. At all times relevant hereto, there was in full force and effect the Illinois Gender Violence Act, 740 ILCS 82/1 et seq. Section 10 of the Act, 740 ILCS 82/10, that provided:

3

      Cause of action. Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

12. Defendant, A. CANALES, JR.'s, conduct as aforesaid stated constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois and thus constituted gender related violence as defined by Section 5 of the Gender Violence Act, 740 ILCS 82/5.

13. By reason of defendant's conduct as aforesaid, plaintiff has been subjected to gender related violence and pursuant to Section 15 of the Act, 740 ILCS 82/15, may recover from defendant, JOSE A. CANALES, JR., compensatory damages, punitive damages and plaintiff's attorney's fees and costs in maintaining this action.

**WHEREFORE**, the plaintiff, CYNTHIA GASIC, prays for judgment against the defendant, JOSE A. CANALES, JR., for compensatory damages in an amount in excess of $50,000.00 (Fifty Thousand Dollars), for punitive damages in an amount to be decided at trial, and for her attorney's fees in prosecuting this action and her costs of suit.

**COUNT III**
**Gender Violence Act**
**740 ILCS 82/10**

**NOW COMES** the plaintiff, CYNTHIA GASIC, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complaining of the defendant, MARQUETTE MANAGEMENT, INC., states as follows:

1.-10. As paragraphs 1 through 10 inclusive of Count I, plaintiff reasserts and realleges the allegations of paragraphs 1 through 10 as if repled herein it its entirety.

11. At all times relevant hereto, there was in full force and effect the Illinois Gender Violence Act, 740 ILCS 82/1 et seq. Section 10 of the Act, 740 ILCS 82/10, that provided:

> Cause of action. Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

12. At all times relevant hereto, the defendant, MARQUETTE MANAGEMENT, INC., knew or in the exercise of reasonable care and caution should have known that their employee engineer JOSE A. CANALES, JR. had sexual harassment propensities and posed a risk of bodily harm to persons in close proximity to him, including the plaintiff.

13. At all times relevant hereto, the defendant, MARQUETTE MANAGEMENT, INC., owed the plaintiff a duty of reasonable care, which included a duty to protect the plaintiff from the risk of assault by its employees with known sexual deviant propensities.

14. Defendant, JOSE A. CANALES, JR.'s, conduct as aforesaid stated constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois and thus constituted gender related violence as defined by Section 5 of the Gender Violence Act, 740 ILCS 82/5.

15. That at all times relevant hereto, defendant, MARQUETTE MANAGEMENT, INC., knew of the necessity and had the opportunity and ability to

5

control their employee JOSE A. CANALES, JR. and to prevent him from sexually assaulting and committing gender related violence on the plaintiff.

16. The defendant, MARQUETTE MANAGEMENT, INC., perpetrated gender-related violence by encouraging or assisting JOSE A. CANALES, JR. by its failure to supervise and monitor JOSE A. CANALES, JR. and after the defendant had known that its employee had sexual deviant tendencies and did nothing about it and nothing to secure the safety of the building tenants including the plaintiff.

17. The defendant, MARQUETTE MANAGEMENT, INC., perpetrated gender-related violence by assisting the acts of gender-related violence by allowing JOSE A. CANALES, JR. to be alone with and to touch plaintiff after defendant knew or should have known that JOSE A. CANALES, JR. had made sexual advances and inappropriately touched other female building tenants.

18. The defendant, MARQUETTE MANAGEMENT, INC.'s, actions violated the Gender Violence Act.

19. As a direct and proximate result of defendant, MARQUETTE MANAGEMENT, INC.'s violation of the Gender Violence Act as aforesaid, the plaintiff was sexually assaulted and battered by JOSE A. CANALES, JR.

20. As a further result of defendant, MARQUETTE MANAGEMENT, INC.'s violation of the Gender Violence Act as aforesaid, the plaintiff has suffered mental anguish.

21. By reason of defendant's conduct as aforesaid, plaintiff has been subjected to gender related violence and pursuant to Section 15 of the Act, 740 ILCS 82/15, may recover from defendant, MARQUETTE MANAGEMENT, INC., compensatory

damages, punitive damages and plaintiff's attorney's fees and costs in maintaining this action.

**WHEREFORE**, the plaintiff, CYNTHIA GASIC, prays for judgment against the defendant, MARQUETTE MANAGEMENT, INC., for compensatory damages in an amount in excess of $50,000.00 (Fifty Thousand Dollars), for punitive damages in an amount to be decided at trial, and for her attorney's fees in prosecuting this action and her costs of suit.

### COUNT IV
### Negligence

NOW COMES the Plaintiff, CYNTHIA GASIC, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, complaining of Defendant, MARQUETTE MANAGEMENT, INC., states:

1. At all times relevant hereto, defendant, MARQUETTE MANAGEMENT, INC., is an Illinois corporation doing business as a real estate management company in the City of Crest Hill, County of Will in the State of Illinois.

2. At all times relevant hereto, defendant, JOSE A. CANALES, JR., was an employee of the defendant, MARQUETTE MANAGEMENT, INC. and worked in the City of Crest Hill, County of Will as a maintenance engineer at the property in question located on Arbor Lane in Crest Hill, Illinois. At all times herein mentioned the defendant was acting in the scope of his employment for the benefit and profit of his employer.

3. That at all times relevant hereto, the plaintiff, CYNTHIA GASIC, was a resident of the property in question located on Arbor Lane in Crest Hill, Illinois and is currently a resident of the County of Will in the State of Illinois.

7

4. That at all times prior to the acts set forth herein, the defendant, MARQUETTE MANAGEMENT, INC., which took over management responsibilities in January 2016, by its owners, managers and administrative staff, knew or should have known that the defendant, JOSE A. CANALES, JR., was the subject of many complaints for sexual harassment, unwanted touching of the residents and obnoxious behavior during work hours in full view of the defendant's customers, property tenants and security cameras.

5. That at all times during the plaintiff's tenancy, the defendant, MARQUETTE MANAGEMENT, INC., by its owners, managers and administrative staff, allowed the defendant, JOSE A. CANALES, JR., to continue to be employed and act in an inappropriate fashion despite the knowledge that this behavior was on going and a disturbance to the tenants of the building.

6. That on March 8, 2017, the defendant, JOSE A. CANALES, JR., came into the apartment of the plaintiff and touched her breasts under her shirt and put his fingers into her pants and into her vagina. The plaintiff tried to push herself away from him but he overpowered her.

7. On the above date and time, the defendant, JOSE A. CANALES, JR., engaged in unwanted and inappropriate sexual contact with plaintiff that amounted assault and battery.

8. Defendant, JOSE A. CANALES, JR.'s conduct as aforesaid constituted repeated acts of battery upon the person of the plaintiff, CYNTHIA GASIC.

9. All actions and behavior of the defendant, JOSE A. CANALES, JR., were done with the knowledge and tacit consent of defendant, MARQUETTE MANAGEMENT, INC.

10. That it was the duty of the defendant to exercise a reasonable degree of care and supervision in supervising and managing the defendant, JOSE A. CANALES, JR., who defendant knew to have sexual deviant tendencies.

11. That the defendant knew or should have known that defendant, JOSE A. CANALES, JR., had a particular unfitness for the position as maintenance man, with keys to all of the tenants' units, so as to create a danger for those tenant including the plaintiff.

12. That at all times relevant hereto, and thereafter, Defendant negligently and carelessly acted in one or more of the following respects:

 a. Failed to implement procedures and practices for ensuring that maintenance services provided by JOSE A. CANALES, JR. were supervised;

 b. Failed to properly vet the person and qualification of JOSE A. CANALES, JR.;

 c. Failed to investigate the background of JOSE A. CANALES, JR.;

 d. Failed to fire JOSE A. CANALES, JR. once they learned of any tenant complaint; and

 e. Was otherwise negligent in the hiring and retention of the defendant, JOSE A. CANALES, JR..

9

13. As a direct and proximate result of one or more of the aforesaid negligent and careless acts or omissions by the Defendant, because of their agent and employee, the Plaintiff sustained injuries and damages.

WHEREFORE, Plaintiff, CYNTHIA GASIC, demands judgment against Defendant, MARQUETTE MANAGEMENT, INC., in an amount in excess of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00) plus costs of suit.

**DEUTSCHMAN & ASSOCIATES, P.C.**

By: *(signature)*
Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
Attorney for Plaintiff
77 W. Washington St.
Suite 1525
Chicago, IL  60602
(312) 419-1600

IN THE CIRCUIT COURT THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| CYNTHIA GASIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| MARQUETTE MANAGEMENT, INC. | ) |
| and JOSE A. CANALES, JR. | ) |
| Defendants. | ) |

### 222 AFFIDAVIT

I, JEFFREY S. DEUTSCHMAN, attorney for the Plaintiff, CYNTHIA CASIC, hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

THE AFFIANT FURTHER SAYETH NAUGHT.

### 1-109 Certification

UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he or she verily believes to be true.

Date: 5-17-17

Jeffrey S. Deutschman

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. Washington Street
Suite 1525
Chicago, Illinois 60602
(312) 419-1600
ARDC # 6198271